## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PDR RESOURCES, INC.,** | * |
| Plaintiff | * |
| v. | * |
| | Civil Action No: 22-cv-2827 |
| | * |
| **TWENTY-FIRST CENTURY DEMOCRATS** | * |
| | * |
| Defendant | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Plaintiff PDR Resources, Inc., formerly known as PDR, Inc., ("**PDR**") files this Complaint against Defendant Twenty-First Century Democrats ("**21CD**") for breaching the parties' agreement by failing to compensate PDR for the services it provided under the terms of the agreement. In support of this Complaint, PDR respectfully shows the Court as follows:

### I.    PARTIES

1.    PDR is a corporation incorporated in Massachusetts with its principal place of business in Cambridge, Massachusetts.

2.    21CD is an unincorporated not-for-profit association with its principal place of business in Washington, D.C., and none of its members are citizens of Delaware or Massachusetts.

### II.    JURISDICTION & VENUE

3.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). This amount in controversy exceeds the sum of $75,000 and between citizens of different states. Thus, there is complete diversity of citizenship and the amount of controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

4.      This Court has personal jurisdiction over 21CD because 21CD has its principal place of business in Washington, D.C., and therefore, 21CD has minimum contacts sufficient to support personal jurisdiction in the District of Columbia.

5.      Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia. In the alternative, venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)(3) because 21CD otherwise has sufficient minimum contacts with this District to support personal jurisdiction in this venue.

### III.      FACTUAL BACKGROUND

6.      In or around November 9, 2018, PDR entered into an Agreement for Fundraising and Education Services (the "**Agreement**") with 21CD, under which PDR Inc. would provide telemarketing and fundraising services to 21CD. *See* Agreement, a true and correct copy of which is attached hereto as **Exhibit A**.

7.      PDR's telemarketing services under the Agreement fell under one of two programs: 21 CD (1) and 21 CD (2). 21 CD (1) was defined as renewal and lapsed contact marketing, and any services provided by PDR under 21 CD (1) were to be paid by 21CD within thirty days. 21 CD (2) was defined as financed telemarketing conducted for new acquisitions and reminder contacts, and any services provided by PDR under 21 CD (2) were to be financed by PDR in advance and then recuperated through PDR's solicitation of 21CD donors, with any excess proceeds going to 21CD.

8.      Per the terms of the Agreement, the Agreement expired on December 31, 2019. However, the parties continued to work together and operate under the terms of the Agreement

through approximately March of 2022. Specifically, PDR continued to finance telemarketing for

21CD under the terms of Agreement to 21CD's benefit during this entire period.

9.      By the end of 2021, PDR had continued to fulfill its duties under the Agreement

but had not recovered on its significant costs. These costs included $20,884.00 under 21 CD (1)

and $789,226.00 under 21 CD (2). Under the terms of the Agreement, 21CD was required to pay

any costs associated with 21 CD (1) within thirty days, and had repeatedly failed to do so.

Additionally, 21CD is required under the Agreement to pay PDR for its efforts under 21 CD (2) at

designated rates per telemarketing contact and financial pledge.

10.      As a result of the termination of the arrangement between PDR and 21CD in early

2022, PDR is left unable to recover on its outstanding fundraising costs due to 21CD's breach of

the contract in the total amount of $810,110.00

## IV.      COUNT ONE: BREACH OF CONTRACT

11.      Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12.      The Agreement is a valid, enforceable contract between PDR and 21CD.

13.      PDR performed its obligations under the Agreement.

14.      21CD breached the Agreement by, without limitation, refusing to compensate PDR

as it was required to do so under the terms of the Agreement.

15.      21CD's breach has proximately caused PDR to suffer damages, including, but not

limited to, a total amount of unrecovered telemarketing and fundraising costs of $810,110.00.

## V.      COUNT TWO: QUANTUM MERUIT

16.      Paragraph 1 through 15 are incorporated by reference as if fully set forth herein.

17.      Assuming *arguendo* that it is determined that any services provided by PDR to

21CD after December 31, 2019 are not part of the Agreement, PDR did not perform these services

gratuitously. Rather, 21CD, by its course of conduct and course of performance, knew and understood that PDR rendered such services with the expectation of being paid.

18.     21CD directly and deliberately benefited from PDR's fundraising services. After PDR rendered the services as specified under the Agreement, 21CD properly and timely billed 21CD for these services.

19.     The reasonable value of the services provided by PDR is $810,110.00. Despite PDR's demands, 21CD has refused to pay PDR for its services.

20.     Therefore, 21CD has unjustly benefitted by not paying PDR for the reasonable value of such services. As a direct and proximate result of 21CD's misconduct, PDR has suffered damages in an amount to be proven at trial but not less than the sum of $810,110.00, exclusive of interest and attorneys' fees.

## VI.     COUNT THREE: ATTORNEYS' FEES

21.     Paragraph 1 through 20 are incorporated by reference as if fully set forth herein.

22.     PDR was forced to retain the undersigned counsel to pursue its claims for payment from 21CD. PDR has incurred and will continue to incur attorneys' fees in the prosecution of this case.

23.     PDR seeks recovery of its attorneys' fees as authorized by the Agreement.

## VII.     CONDITIONS PRECEDENT

24.     All conditions precedent to filing this lawsuit have been satisfied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PDR respectfully prays that the 21CD be cited to appear and answer herein and that, upon final trial of this cause, this Court enter:

a.   A judgment awarding PDR its actual damages;

b.  A judgment awarding PDR pre-judgment and post-judgment interest;

c.  A judgment awarding PDR attorneys' fees;

d.  A judgment awarding PDR costs of court; and

e.  A judgment awarding PDR such other and further relief to which it may be entitled at law or equity.

Dated: <u>September 16, 2022</u>

Respectfully submitted:

<u>*/s/ Toyja E. Kelley*</u>
Toyja E. Kelley (DC Bar #482977)
**LOCKE LORD, LLP**
701 8th Street, N.W., Suite 500
Washington, DC 20001
Telephone      (202) 220-6939
Email:  Toyja.Kelley@lockelord.com

**ATTORNEY FOR PDR RESOURCES, INC.**